UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| ALONZO SHAFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-883 |
| ) | |
| KALAMAZOO COUNTY SHERIFF ) | Honorable Robert J. Jonker |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a former Kalamazoo County inmate under 42 U.S.C. §1983.  (Compl., ECF No. 1).  Plaintiff alleges that he was assaulted by a fellow inmate on August 13, 2013; that sheriff deputies failed to timely and effectively intervene; and that a sheriff deputy used excessive force against plaintiff immediately after the assault.  (*Id.*, PageID.2).  Plaintiff claims that he suffered serious back and neck injuries.  (*Id.*).

The matter is now before the Court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  (ECF No. 6). Also before the Court is plaintiff's motion to amend the complaint, seeking to replace the Kalamazoo County Sheriff Department with two new defendants: Kalamazoo County and the Kalamazoo County Administrator.  (ECF No. 14).  Defendant objects

to the motion to amend, arguing that the amendment would be futile, as it also fails to state a claim against the proposed defendants. (ECF No. 16).

On October 11, 2016, I conducted a hearing on the motions. (Minutes, ECF No. 17). For the reasons set forth herein, I recommend that defendant's motion to dismiss the complaint against the Kalamazoo County Sheriff Department (ECF No. 6) be granted, and that plaintiff's motion to amend the complaint (ECF No. 14) be denied.

**I.    The Kalamazoo County Sheriff Department's Motion to Dismiss**

Rule 12(b)(6) Standards

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal

conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

Discussion

The complaint names as the only defendant the Kalamazoo County Sheriff Department. Under Michigan law, "a municipal police department is a creature of the municipality." *Haverstick Enterprises, Inc. v. Federal Financial Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1991) (citing M.C.L. § 92.1). Thus, suit against the police department is actually a suit against the municipality. *Id.* (citing *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980); *Michonski v. City of Detroit*, 162 Mich. App. 485, 413 N.W.2d 438, 441 (1987)). The complaint, having named the wrong defendant, should be dismissed. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (affirming district court's ruling that, under Michigan law, the township police department is subsumed within the township as a municipal entity to be sued under § 1983, and thus the police department was improperly included as a separate defendant (citing *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)); *Watson v. Gill*, 40 Fed. App'x 88, 89 (6th Cir. 2002) (holding that the county jail is simply a department of the county, and not the appropriate party to address plaintiff's suit); *Vine v. City of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (holding that, under Michigan law, a sheriff department is not a legal entity subject to suit).

**II.     Plaintiff's Motion to Amend the Complaint**

<u>Rule 15(a) Standards</u>

A plaintiff may amend his complaint once as a matter of course, assuming it is done within 21 days of serving the complaint, or within 21 days after service of a Rule 12(b) motion to dismiss. *See* FED. R. CIV. P. 15(a)(1). Thereafter, the party must obtain either the opposing party's written consent or leave of court. *See* FED. R. CIV. P. 15(a)(2). In this case, plaintiff's motion to amend was filed more than 21 days after the service of the Kalamazoo County Sheriff Department's motion to dismiss. (*See* Certificate of Service, Def's Mtn to Dismiss, ECF No. 6, PageID.14; Pltf's Mtn to Amend, ECF No. 14).

Leave of Court to amend a complaint should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). The decision whether to grant leave to amend is within the trial court's sound discretion. *See, e.g., Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008).

A motion to amend the complaint may be denied if the amendment is "'brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). A discussed above, a Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in the complaint. "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## Discussion

Defendant argues that plaintiff's proposed amended complaint would be futile because it fails to state a claim against either of the proposed defendants. (ECF No. 16, PageID.66-69). I agree.

In his proposed amended complaint, plaintiff would drop the Kalamazoo County Sheriff's Department as a defendant and add, instead, Kalamazoo County and "Kalamazoo County Administrator (Tom Canny)."[1] (ECF No. 14-1). The essence of plaintiff's claim is unchanged: his civil rights were violated when he was assaulted by a fellow inmate, when he was left unprotected from the inmate, and by a sheriff deputy's use of excessive force. (Prop. Amend. Compl, ECF No. 14-1, PageID.49-50).

The proposed amended complaint contains no specific factual allegations against either of the two defendants named in the caption. A *pro se* complaint that merely names a defendant in the caption without alleging specific conduct by that defendant is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207

---

[1]In the hearing, counsel for defendant advised that Tom Canny is corporate counsel for the county, not the county administrator. While I do not doubt counsel's word, it is a matter outside the complaint and will not be considered at this juncture. *See* FED R. CIV. P. 12(d). Nevertheless, it has no bearing on the outcome of plaintiff's motion to amend the complaint.

(7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept.28, 2010) (collecting cases).

Moreover, Kalamazoo County may not be held vicariously liable for the actions of its employees under § 1983.² *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.* "Municipal liability must rest upon a direct causal connection between the policies or customs of the [municipality] and the constitutional injury to the plaintiff; '[r]espondeat superior or vicarious liability will not attach under § 1983.'" *Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005) (quoting *City of Canton*, 489 U.S. at 385). Plaintiff's burden, then, is to plead facts that "'(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy.'" *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 403 (6th Cir. 2010) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005)).

---

²The proposed amended complaint appears to seek to hold Tom Canny liable based on plaintiff's belief that he is the county administrator. As such, plaintiff proposes suit against him in his official capacity. A claim against a municipal official in his official capacity is tantamount to a suit against the municipality itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Essex v. City of Livingston*, 518 Fed. App'x 351, 355 (6th Cir. 2013) ("'[A]n official-capacity claim is merely another name for a claim against the municipality.").

Neither the complaint nor the proposed amended complaint so much as suggests that Kalamazoo County had a policy or custom that caused the alleged assault by a fellow inmate, that prevented the sheriff deputies from coming to his aid sooner and more effectively, or that prompted a sheriff deputy to use excessive force in restraining plaintiff after the assault. Accordingly, plaintiff has failed to plead a cause of action against the county under § 1983. *See Connick*, 563 U.S. at 60; *City of Canton*, 489 U.S. at 392; *Monell*, 436 U.S. at 694.

### Recommended Disposition

For the reasons set forth herein, I recommend that Kalamazoo County Sheriff Department's motion to dismiss for failure to state a claim (ECF No. 6) be granted, and that plaintiff's motion to amend the complaint (ECF No. 14) be denied. I further recommend that the Court dismiss this case,

Dated:  October 12, 2016         /s/  Phillip J. Green
                                 United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).