UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

        Plaintiff,

                                      CASE NO. 1:16-CV-883

v.

                                      HON. ROBERT J. JONKER

KALAMAZOO COUNTY SHERIFF
DEPARTMENT,

        Defendant.

_____/

**OPINION AND ORDER RE**
**REPORT AND RECOMMENDATION**

        The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 18), Plaintiff's Objection to the Report and Recommendation (ECF No. 21), and Defendant's Response to Plaintiff's Objection (ECF No. 22). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objection; and Defendant's Response. The Court has also reviewed the entire record of the case.

The Plaintiff's complaint alleges that he was assaulted by a fellow inmate; that sheriff deputies failed to timely and effectively intervene; that sheriff deputies treated Plaintiff worse because of his race; and that a sheriff deputy named Jolliffe used excessive force against Plaintiff immediately after the assault, resulting in serious neck and back injuries to Plaintiff (ECF No. 1, PageID.2). Defendant moved to dismiss Plaintiff's complaint because the Kalamazoo Sheriff Department, the only named defendant, was not an entity subject to suit (ECF No. 6, PageID.14). Plaintiff subsequently filed a motion to amend the complaint, seeking to replace the Kalamazoo Sheriff Department with two new defendants: Kalamazoo County and the Kalamazoo County Administrator (ECF No. 14). The Report and Recommendation recommends that Defendant's motion be granted because Plaintiff's complaint really does name the wrong defendant (ECF No. 18, PageID.76); and that Plaintiff's motion to amend be denied because Plaintiff's amended complaint fails to plead a plausible policy and practice municipal claim against Kalamazoo County and a plausible claim of any kind against the Administrator. *Id.* at 80. Plaintiff objects to the dismissal and says that he now has the correct names for the defendants and additional evidence to support his claims (ECF No. 21).

The Court agrees with the Magistrate Judge that Plaintiff originally sued the wrong defendant and that Plaintiff has failed to articulate a claim of any kind against the administrator. The

Court also recognizes that the case for potential municipal liability against Kalamazoo County is pleaded in quite general terms at this point. The Court is not prepared, however, simply to dismiss the case without any opportunity to replead because the heart of what Plaintiff has asserted from the start–namely, that the County failed to protect him from the attack of a fellow inmate; that officers treated him poorly because of his race; and that Officer Jolliffe applied excessive force causing injury–does articulate the fundamentally required elements of Section 1983 against the County and Officer Jolliffe, individually, and possibly other as yet unidentified defendants.

It is certainly true that Plaintiff should better articulate his theory and should formally identify Officer Jolliffe as a defendant, rather than simply refer to him in the text of the complaint. But those are corrections and improvements that Plaintiff can readily make. As a pro se plaintiff, the Court is more willing to look at the substance of the allegations and overlook formal failures. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). The Plaintiff's pleadings are not artful, but they allege the basics of both an excessive force and racial discrimination claim, as well as a possible failure to protect claim (ECF No. 1, PageID.2). Also, Plaintiff's policy and practice claim may be thin, but it is plausible. Basically, Plaintiff suggests that the county did nothing to prevent the inmate's assault, the deputy's excessive use of force against Plaintiff, or the alleged racial discrimination, and this could be the basis for a municipal liability claim if Plaintiff is able to develop the necessary factual predicate in discovery.

Plaintiff can and should recite his claims in a more coherent, amended complaint that pleads facts in separately numbered paragraphs; properly identifies all defendants; and separately identifies each cause of action asserted. To facilitate this, the Court **GRANTS** Plaintiff leave to amend his complaint to state a policy and practice claim against Kalamazoo County, an excessive force and race discrimination claim against Officer Jolliffe, and any other claim Plaintiff believes he has against any defendants. Plaintiff's amended complaint should plead facts in individually numbered paragraphs. The amended complaint must be filed no later than November 30, 2016.

**ACCORDINGLY, IT IS ORDERED**:

1. Named Defendant "Kalamazoo County Sheriff Department" is dismissed.

2. Plaintiff shall file an amended complaint as outlined in this Order no later than November 30, 2016. If Plaintiff fails to file an amended complaint, the case will be dismissed. If Plaintiff does file an amended complaint, Defendants will be able to move or answer as allowed by Rule;

3. Any newly identified defendants will need to be served as required by the Rules;

4. Defendant's Motion to Dismiss and Plaintiff's Motion to Amend are **DISMISSED** as moot in light of this Order;

5. The Magistrate Judge's Report and Recommendation is adopted only to the extent consistent with this Order, and is rejected in all other respects.

**IT IS SO ORDERED**.

Dated:     November 4, 2016            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE