UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| ALONZO SHAFFER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:16-cv-883 |
| KALAMAZOO COUNTY, BRENT D. REYNHOUT, and BRYAN L. JOLLIFFE, | ) | Honorable Robert J. Jonker |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a former Kalamazoo County inmate under 42 U.S.C. §1983. (Amend. Compl., ECF No. 24). Plaintiff alleges that Kalamazoo County Officers Bryan Jolliffe and Brent Reynhout used excessive force against him on August 13, 2013, after he had been assaulted by a fellow inmate. Plaintiff seeks to hold Kalamazoo County liable for the actions of the officers. He claims that he suffered serious back and neck injuries.

The matter is now before the Court on defendant Kalamazoo County's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (ECF No. 26). Also before the Court is defendants Bryan Jolliffe and Brent Reynhout's Rule 12(b)(6) motion dismiss. (ECF No. 33). For the reasons set forth herein, I recommend that the Court grant Kalamazoo County's motion, and that the Court deny defendants Jolliffe and Reynhout's motion.

## Procedural History

On July 12, 2016, plaintiff filed a complaint naming only the Kalamazoo County Sheriff's Department. (ECF No. 1). Plaintiff claimed that his civil rights had been violated by the Sheriff's Department due to the actions of two sheriff deputies who used excessive force in breaking up an altercation between plaintiff and another inmate at the Kalamazoo County Jail. (ECF No. 1, PageID.2). The Court granted his motion to proceed *in forma pauperis*. (ECF No. 3).

On August 16, 2016, the Sheriff's Department filed a motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 6). Plaintiff responded on September 15, 2016, attaching copies of the police reports regarding the incident. (ECF No. 8, 8-1). He filed an "Addendum/Supplement to Complaint" on September 28, 2016. (ECF No. 12). He alleged, again, that his civil rights under the Eighth Amendment were violated when he was not protected from a fellow inmate and when Officer Jolliffe used excessive force in breaking up an altercation between plaintiff and the other inmate. (ECF No. 12, PageID.43-44).

On September 29, 2016, plaintiff filed a motion to amend his complaint. (ECF No. 14). The proposed amended complaint attempted to replace the Kalamazoo Sheriff's Department with Kalamazoo County and the county administrator as the defendants in this case. (ECF No. 14-1, PageID.49). On October 11, 2016, the undersigned judicial officer conducted a hearing on the Sheriff Department's motion to dismiss and plaintiff's motion to amend the complaint. (Minutes, ECF No. 17). In a report and recommendation filed the next day, the undersigned recommended that

the Court grant the Sheriffs Department's motion to dismiss, and that the Court deny plaintiff's motion to amend the complaint as futile. (ECF No. 18).

On November 4, 2016, the Court adopted the recommendation to dismiss the claim against the Sheriff's Department, but allowed plaintiff to further amend his complaint to give him an opportunity to provide more specificity to his claim against the county. (Order, ECF No. 23, PageID.95). The Court noted:

> Plaintiff can and should recite his claims in a more coherent, amended complaint. . . . To facilitate this, the Court GRANTS Plaintiff leave to amend his complaint to state a policy and practice claim against Kalamazoo County, an excessive force and race discrimination claim against Officer Jolliffe, and any other claim Plaintiff believes he has against any defendants.

(*Id.* at 4, PageID.96).

Plaintiff filed his amended complaint on November 28, 2016. (ECF No. 24). The amended complaint includes three counts: in Count I, plaintiff claims that Officer Bryan Jolliffe violated his Eighth Amendment rights by using excessive force, including a "choke hold," and that the officer was deliberately indifferent to plaintiff's medical needs; in Count II, plaintiff raises excessive force and deliberate indifference claims against defendant Brent Reynhout for his participation in the same incident; and in Count III, plaintiff contends that Kalamazoo County is vicariously liable for the acts of its employees (Officers Jolliffe and Reynhout), and he asserts that the County is directly liable due to "its policies, practices, and customs, which [led] to this complaint of violation." (ECF No. 24, PageID.98-99).

On December 12, 2016, defendant Kalamazoo County moved to dismiss Count III of the amended complaint, pursuant to Rule 12(b)(6). (ECF No. 26). Plaintiff filed a timely response on January 4, 2017 (ECF No. 28), and Kalamazoo County filed a reply on January 9, 2017. (ECF No. 31). On January 17, 2017, defendants Jolliffe and Reynhout filed a motion to dismiss Counts I and II of the amended complaint, pursuant to Rule 12(b)(6). (ECF No. 33). Plaintiff timely responded on January 31, 2017 (ECF No. 34), and defendants Jolliffe and Reynhout replied on February 3, 2017. (ECF No. 35). On April 21, 2017, I conducted a hearing on both motions to dismiss. (Minutes, ECF No. 56).

### **Rule 12(b)(6) Standards**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's

favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts

do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## Discussion

I.  **Kalamazoo County's Motion to Dismiss**

Plaintiff's claim against Kalamazoo County is based on two conclusory assertions: (1) that the county, having employed Officers Jolliffe and Reynhout, is "liable for their acts"; and (2) that the county's policies, practices, and customs led to the alleged violations of his constitutional rights. (Amend. Compl. ¶ 35, PageID.99). Neither of these bald assertions are sufficient to state a claim upon which relief can be granted.

Kalamazoo County may not be held vicariously liable for the actions of its employees under a Section 1983 claim. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.* "Municipal liability must rest upon a direct causal connection between the policies or customs of the [municipality] and the constitutional injury to the plaintiff; '[r]espondeat superior or vicarious liability will not attach under § 1983.' " *Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005) (quoting *City of Canton*, 489 U.S. at 385). Plaintiff's burden, then, is to plead facts that " '(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy.' " *Vereecke*

v. *Huron Valley School Dist.*, 609 F.3d 392, 403 (6th Cir. 2010) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005)).

The amended complaint fails to identify any specific policy, practice or custom that may be implicated in this case; much less has plaintiff alleged how any such policy or custom contributed to the alleged violation of his constitutional rights. Plaintiff merely offers the conclusory statement: "The county is also liable because of its policies, practices, and customs, which lead [sic] to this complaint of violation." (Amend. Compl. at ¶ 35, PageID.99). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. at 47 and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

It should be noted that plaintiff was explicitly placed on notice of the need to identify what county policy, practice or custom he believed contributed to the alleged violations of his constitutional rights. I addressed this issue at some length with plaintiff during the October 11, 2016, hearing on defendant Kalamazoo Sheriff Department's motion to dismiss. That issue was reiterated in my October 12, 2016, report and recommendation. (*See* ECF No. 18, PageID.79). The Court also advised

plaintiff of the need "to state a policy and practice claim against Kalamazoo County" when it gave him the opportunity to file an amended complaint. (*See* ECF No. 23, PageID.96).

Plaintiff has failed to heed those admonitions – perhaps, he cannot. At any rate, plaintiff's amended complaint fails to plead a cause of action against the county under Section 1983. *See Connick*, 563 U.S. at 60; *City of Canton*, 489 U.S. at 392; *Monell*, 436 U.S. at 694. Accordingly, plaintiff's claim against the county should be dismissed.

## II. Defendants Jolliffe and Reynhout's Motion to Dismiss

Plaintiff alleges that Officer Jolliffe used excessive force when he placed plaintiff in a "choke hold," and that he used such force to take plaintiff to the ground that "[p]laintiff felt as if his neck [was] going to break" and he was unable to breathe. (Amend. Compl. ¶¶ 17-19, PageID.98). Plaintiff claims that he was "standing still" at the time Officer Jolliffe used the choke hold and wrestled plaintiff to the ground. (*Id.* at ¶ 26, PageID.98). Plaintiff further alleges that, when he told Officer Jolliffe that he could not breathe, the officer responded by "yelling, 'I don't give a fuck.'" (*Id.* at ¶ 20, PageID.98).

Plaintiff alleges that Officer Reynhout used excessive force by placing plaintiff in "further restraint while being restrained and compliant with [d]efendant Jolliffe's commands, and amidst cries of pain from [p]laintiff[.]" (*Id.* at ¶ 31, PageID.99). Plaintiff also asserts that both officers continued to use excessive force after he was on the ground and under restraint by kneeling into his spine. (*Id.* at ¶ 21, PageID.98).

Plaintiff claims that the officers' actions caused him serious injuries, including "spinal injuries, nerve damage, and emotional distress." (*Id.* at ¶ 22, PageID.98). Plaintiff further claims that, despite his "cries of pain," both officers were deliberately indifferent to his medical needs. (*Id.* ¶¶ 26, 31, PageID.98-99).

Officers Jolliffe and Reynhout contend that the claims against them should be dismissed because plaintiff's allegations of excessive force are manifestly insufficient to state a claim under either the Eighth or Fourteenth Amendments. (Defs' Br. at 5-9, ECF No. 33-1, PageID.148-52).[1] They also contend that plaintiff fails to state a claim of deliberate indifference to his medical needs. (*Id.* at 9-10, PageID.152-53). In the alternative, the officers assert qualified immunity against the claims.

A.  <u>Eighth Amendment Excessive Force and Deliberate Indifference Claims</u>

An inmate's right to be free from the use of excessive force by prison officials is governed by the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986). The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment prohibited by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). An Eighth Amendment excessive force claim has both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991).

---

[1]Defendants Jolliffe and Reynhout's discussion of the standards of the Fourteenth Amendment is unnecessary, as plaintiff brings his excessive force claims solely under the Eighth Amendment. (*See* Amend. Compl. at ¶¶ 24-26, 29-31, PageID.98-99).

The objective component addresses whether the pain inflicted was sufficiently serious to offend "contemporary standards of decency." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (internal citations omitted). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Id.* at 580-81 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)).

The subjective component focuses on "whether the force was applied in a good-faith effort to restore discipline, or maliciously or sadistically to cause harm." *Hudson*, 503 U.S. at 7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, efforts made to temper the severity of a forceful response and the absence of any serious injury. *Id.*

The Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by a prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter,* 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson,* a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. The Supreme Court held in *Farmer v. Brennan,* 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837.

The Sixth Circuit's decision in *Miller v. Calhoun County* summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish.

408 F.3d 803, 813 (6th Cir. 2005) (citations and quotations omitted).

Given plaintiff's *in forma pauperis* status, the Court previously reviewed plaintiff's amended complaint, and it found that his claims were not subject to dismissal for failure to state a claim upon which relief can be granted. (*See* Case Management Order, ECF No. 38, PageID.167). The Court noted that it "has determined that the complaint contains 'enough facts to state a claim to relief that is

-11-

plausible on its face.' " (*Id.* (quoting *Twombly*, 550 U.S. at 570 and citing *Iqbal*, 129 S. Ct. at 1949). The defendants' motion fails to provide a sufficient basis for departing from the Court's previous findings.

Plaintiff's allegations are inartfully drafted, to be sure, and some of the allegations are more serious than others. But, taken as true and interpreted in a light most favorable to plaintiff's claims, the allegations on the whole are sufficient to state claims for excessive force and deliberate indifference to serious medical needs.

According to these allegations, Officer Jolliffe placed plaintiff in a "choke hold," at a time he was not resisting the officer, preventing plaintiff from being able to breathe. The officer used such force to take plaintiff to the ground that plaintiff felt as if his neck was going to break. (Amend. Compl. ¶¶ 17-19, 26, PageID.98). When plaintiff told Officer Jolliffe that he could not breathe, the officer responded by "yelling, 'I don't give a fuck.'" (*Id.* at ¶ 20, PageID.98). Officer Reynhout was present and joined in kneeling on plaintiff's spine after plaintiff had already been restrained, despite plaintiff's cries of pain. (*Id.* at ¶ 31, PageID.99). Plaintiff suffered serious injuries, including "spinal injuries, nerve damage, and emotional distress." (*Id.* at ¶ 22, PageID.98). Despite plaintiff's "cries of pain," both officers were deliberately indifferent to his serious injuries. (*Id.* ¶¶ 26, 31, PageID.98-99).

B. Qualified Immunity

Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson*

*v. Creighton*, 483 U.S. 635, 638 (1987).  "A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014).

The first prong of the qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct.  *Id.*

As the Court has already determined that plaintiff alleged facts sufficient to state a claim, defendants Jolliffe and Reynhout's assertions of qualified immunity turn on the second prong.  The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' "  *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017).  Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

A qualified immunity defense can be asserted at various stages of the litigation, including motions to dismiss. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994); *see also Schuler v. Village of Newcommerstown*, No. 5:16-cv-1466, 2017 WL 1199170, *10 (N.D. Ohio March 31, 2017) (holding that plaintiff failed to carry her burden regarding the second prong of qualified immunity within the context of a Rule 12(c) motion, utilizing the Rule 12(b)(6) standards). Once a defendant properly raises a defense of qualified immunity, the burden shifts to plaintiff to demonstrate that the defendant is not entitled to qualified immunity. *Livermoore ex rel. Rohn v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007) (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

The bald assertion of qualified immunity is not sufficient to shift the burden, however. "A defendant bears the initial burden of putting forth *facts* that suggest that he was acting within the scope of his discretionary authority." *Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560, 568 (6th Cir. 2013) (citing *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992)) (emphasis supplied); *see also Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000) (same). Defendants Jolliffe and Reynhout's conclusory invocation of qualified immunity falls short of meeting their initial burden. They simply argue that they "did not violate any constitutional right of [p]laintiff Shaffer at all," and that neither of them "violated any 'clearly established' law." (ECF No. 33-1, PageID.154-55). As such, and in the context of a Rule 12(b)(6) motion, the defendants have failed to articulate a sufficient factual basis to shift the burden to plaintiff to rebut their assertion of qualified immunity.

That day may come, and plaintiff needs to consider how he might meet that burden.[2] But, for now, defendants Jolliffe and Reynhout have failed to properly assert their qualified immunity. Accordingly, the Court should deny their motion to dismiss.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant Kalamazoo County's motion to dismiss Count III of the amended complaint for failure to state a claim upon which relief can be granted (ECF No. 26). I recommend that the Court deny defendant Reynhout and Jolliffe's motion to dismiss Counts I and II for failure to state a claim (ECF No. 33).

Should the Court accept my recommendation to deny defendant Reynhout and Jolliffe's motion to dismiss, I further recommend that the Court deny defendants' motion to stay discovery (ECF No. 44), which is based on their pending Rule 12(b)(6) motion, as moot.

---

[2]In his response to defendants' motion to dismiss, plaintiff failed to address the issue of qualified immunity. (*See* Pltf's Br., ECF No. 34, PageID.157-59). Plaintiff is advised that he cannot carry his ultimate burden regarding qualified immunity by ignoring it. *See, e.g.*, *Schuler v. Village of Newcomerstown*, 2017 WL 1199170, at *10; *see also Shaw v. City of Riverview*, No. 16-11693, 2017 WL 914245, at *9 (E.D. Mich. Mar. 8, 2017) ("Plaintiff needs to direct the Court to a case wherein a similar legal and factual scenario was found to have resulted in a constitutional violation[.]"); *Baker v. Law*, No. 0:15-cv-11, 2017 WL 630753, at *3 (E.D. Ky. Jan. 26, 2017) (Plaintiff's response "d[id] not raise any arguments addressing Dr. Law's qualified immunity claim."); *Neeley v. Granger County Gov't*, No. 3:15-cv-180, 2017 WL 782897, at *15 (E.D. Tenn. Feb. 28, 2017) (Because plaintiff did "not provide[] any law or argument to support a finding that it would have been clear to a reasonable officer that [defendant's] actions were unlawful" he did not me[et] his burden as to the second prong of the qualified-immunity analysis.").

Dated:   September 12, 2017                /s/  Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).