UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

    Plaintiff,

v.

CASE NO. 1:16-CV-883

HON. ROBERT J. JONKER

KALAMAZOO COUNTY, BRENT D.
REYNHOUT, and BRYAN L. JOLLIFFE,

    Defendants.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 70) and Defendants Reynhout and Jolliffe's Objections. (ECF No. 72). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's Objections. Plaintiff has not filed any objections.

The Magistrate Judge recommends granting Defendant Kalamazoo County's Motion to Dismiss Count III of the Amended Complaint for failure to state a claim (ECF No. 26) and denying Defendants Reynhout and Jolliffe's Motion to Dismiss Counts I and II. (ECF No.33). The Magistrate further recommends denying Defendants Reynhout and Jolliffe's Motion to Stay Discovery as moot. (ECF No. 44). In their Objections, Defendants Reynhout and Jolliffe contend the Magistrate erred when he found the allegations in Plaintiff's Amended Complaint sufficient to state a claim of excessive force and deliberate indifference. They further object to the Magistrate's recommendation concerning qualified immunity. Defendants' objections will be overruled.

Defendants initially aver the Magistrate performed "guess work" by analyzing Plaintiff's claims under the Eighth Amendment. Plaintiff's complaint, they contend, does not state whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time of the complained of actions. This matters, Defendants claim, because if Plaintiff was a pre-trial detainee, the Magistrate should have applied a Fourteenth Amendment analysis. Defendants have not offered a reason to disturb the Magistrate's recommended decision. Whether it is the Fourteenth Amendment or the Eighth Amendment at play, Plaintiff has stated a claim. If anything, the Eighth Amendment standard utilized by the Magistrate is more favorable to the Defendants.

Under either framework, however, Defendants contend Counts I and II of the Amended Complaint amount to little more than "an unadorned, the defendant-unlawfully-harmed-me

accusation." (ECF No. 72, PageID.297) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff has plainly done more than that. As correctly recited by the Magistrate, Plaintiff's Amended Complaint alleges that:

- Officer Jolliffe placed Plaintiff in a choke hold while Plaintiff was standing still.

- Officer Jolliffe used the choke hold to take Plaintiff to the ground in such a way that Plaintiff felt as if his neck was going to break and that he was unable to breathe.

- Plaintiff told Officer Jolliffe that he was unable to breathe, and the officer responded by yelling "I don't give a fuck."

- Officer Reynhout used excessive force by placing Plaintiff in further restraint even though Plaintiff was compliant.

- While Plaintiff was restrained on the ground, both officers kneeled into Plaintiff's spine causing spinal injuries, nerve damage, and emotional distress.

- Despite Plaintiff's cries of pain, the officers were deliberately indifferent to Plaintiff's medical needs.

(ECF No. 24, PageID.98-99.) The Report and Recommendation carefully, thoroughly, and accurately evaluates Plaintiff's Amended Complaint under the relevant legal standards. The Court agrees with the Magistrate that taken in the light most favorable to Plaintiff, the allegations are sufficient to state a claim of excessive force and deliberate indifference.

Defendants further allege the Magistrate erred by finding Defendants failed to meet their initial burden of qualified immunity. The Magistrate found that Defendants' "bald assertion of qualified immunity is not sufficient to shift the burden" to Plaintiff to demonstrate that the Defendants were not entitled to qualified immunity. (ECF No. 70, PageID.281). Defendants claim the Magistrate erred because they were only required to "raise" the defense of qualified immunity. The Court disagrees for the very reasons the Magistrate Judge described. The mere fact there was

an altercation does not automatically immunize all forms of physical response. It is not enough for Defendants to simply cite law for the general proposition that qualified immunity exists and then make a conclusory assertion that they are entitled to it. *Cf. Malec v. Sanford*, 191 F.R.D. 581, 588 (N.D. Ill. 2000).

Finally, Defendants appear to suggest that Plaintiff's Amended Complaint should be dismissed because of the costs of discovery and the fact there is no "reasonable likelihood" that Plaintiff can state a claim. (ECF No. 72, PageID.296). The Court has found the Magistrate did not err in finding Plaintiff's Amended Complaint sufficient to pass muster under FED. R. CIV. P. 12(b)(6) as to Counts I and II. And while some amount of discovery will be necessary in this case, it can be properly managed to ensure proportionality.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 70) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that

1. Defendant Kalamazoo County's motion to dismiss Count III of the amended complaint (ECF No. 26) is **GRANTED.** Kalamazoo County is **DISMISSED** from this case.

2. Defendants Jolliffe and Reynhout's Motion to Dismiss (ECF No. 33) is **DENIED.**

3. Defendants Jolliffe and Reynhout's Motion to Stay Discovery (ECF No. 44) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: September 26, 2017     /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE