UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

        Plaintiff,                                      Hon. Robert J. Jonker

v.                                                    Case No. 1:16-cv-883

BRENT D. REYHOUT, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion to Reopen Case. (ECF No. 207). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

      Plaintiff initiated this action on July 12, 2016, against Kalamazoo County, the Kalamazoo County Sheriff's Department, Brent Reyhout, and Bryan Jolliffe. (ECF No. 1). Plaintiff alleged that Defendants' actions concerning an incident with another inmate violated his rights. (*Id.*). Plaintiff's claims against the Kalamazoo County Sheriff's Department were subsequently dismissed. (ECF No. 23). Plaintiff thereafter amended his complaint to clarify the nature and basis for his claims against the three remaining defendants. (ECF No. 24). Plaintiff's claims against these defendants were ultimately dismissed and this matter terminated. (ECF No. 70, 74, 178, 182-83). The Sixth Circuit affirmed this determination. (ECF No. 199-200). Plaintiff now moves the Court to re-open this matter due to unidentified misconduct and wrongdoing by unidentified individuals.

In support of his motion, Plaintiff cites to "Rule 6," which allegedly authorizes the Court to "revue Entirety of case. . .[and] Indict all wrong do[e]rs." (ECF No. 207, PageID.1362). The Court is not aware of any applicable "Rule 6" that affords Plaintiff relief in this matter. Instead, the Court interprets Plaintiff's motion as seeking relief under Federal Rules of Civil Procedure 59 and/or 60(b).

To the extent Plaintiff seeks relief under Rule 59, such is without merit because Plaintiff waited more than three years after entry of judgment to file the present motion. *See* Fed. R. Civ. P. 59(e). To the extent Plaintiff seeks relief under Rule 60, such is without merit as Plaintiff's motion was not asserted within a reasonable period of time. *See* Fed. R. Civ. P. 60(c)(1). Furthermore, Plaintiff has failed to identify or articulate any basis for relief under this Rule. *See* Fed. R. Civ. P. 60(b).

In sum, Plaintiff has articulated no basis for re-opening this matter or obtaining other relief. As the Honorable Robert J. Jonker recently observed, "there is nothing left to litigate in this Court on this matter." (ECF No. 206). Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Reopen Case (ECF No. 207) be denied. The undersigned further recommends that an appeal of this matter would be frivolous and, therefore, not asserted in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                 Respectfully submitted,

Date: August 29, 2022                    /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge